**Harris SHENDUR, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 89 Cr. 495 (VLB), 94 Civ. 5265 (VLB).**

United States District Court, S.D. New York.

Jan. 30, 1995.

Harris Shendur, petitioner pro se.

David L. Wales, Asst. U.S. Atty., New York City, for the U.S.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

Petitioner Harris Shendur has moved under 28 U.S.C. § 2255 to vacate his conviction after trial for possession of three (3) kilograms of heroin with intent to distribute in violation of 21 U.S.C. §§ 812 and 841, as well as 18 U.S.C. § 2. On April 15, 1992, I sen-

tenced petitioner to ten years' imprisonment, after a downward departure from the United States Sentencing Guidelines on account of petitioner's age and medical problems. I imposed a fine of $250,000, based in part on the relatively minimal prison sentence imposed in consideration of the magnitude of the crime, and because the defendant had substantial real estate assets.

■ Petitioner argues that he received ineffective assistance of counsel, that his fine amounted to cruel and unusual punishment, and that his sentence should be reduced under Title Eight, § 80001 of the Violent Crime Control and Law Enforcement of Act of 1994, 18 U.S.C. 3553(f).

The petition is denied. No ineffective assistance of counsel has been shown, the fine imposed was reasonable, and petitioner as a supervisor of substantial illegal conduct cannot take advantage of Title Eight.

## II

■ The issue of effective assistance of counsel was raised at the time of sentence on April 15, 1992 by a new defense counsel not involved in the trial, who was present—as was petitioner—when petitioner's right to appeal was outlined. No direct appeal was taken on that or any other issue. Section 2255 cannot be used as a substitute for direct appeal. See *Billy–Eko v. United States*, 8 F.3d 111 (2d Cir.1993). There is no support for petitioner's suggestion that his second attorney advised him not to appeal for any improper reason.

■ Ineffective assistance is claimed primarily because counsel allowed petitioner to testify, but it was clear at the April 15 sentencing conference that this occurred at petitioner's own insistence.[1]

■ Petitioner also argues that his first counsel should have insisted on a competency hearing. At the April 15 hearing, I found that reliable medical analysis confirmed peti-

tioner's competency. No request was made by petitioner's second attorney at the time of sentencing that more evidence should be obtained. See *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir.1977). In addition, the Presentence Report indicates that petitioner demanded $90,000 front money for a large drug transaction and took numerous other steps inconsistent with lack of acumen.

■ Petitioner further claims that an entrapment defense should have been pursued. Petitioner in his testimony, however, denied participating in the transaction, inconsistent with a claim of entrapment. See *United States v. Mayo*, 705 F.2d 62, 71–73 (2d Cir. 1983).

## III

■ The $250,000 fine imposed was well within the Guideline range at offense level 41, permitting a fine from $25,000 to ten million dollars ($10,000,000). Inability to pay was never established. *United States v. Stevens*, 985 F.2d 1175, 1188 (2d Cir.1993). Absent imposition of the $250,000 fine, I would have imposed a longer sentence of imprisonment.

## IV

Title Eight of the Violent Crime Control Act, enacted in 1994, § 80001(a), 18 U.S.C. § 3553(f) reflects a congressional decision that mandatory minimum sentences no longer be applied mechanically. The Title was undoubtedly enacted based in part on the "complete and unmitigated opposition of the federal judges of this country to mandatory minimums."[2] Interpretation of Title Eight should accordingly be in keeping with the views of Alexander Hamilton in *The Federalist* No 78:

[I]t is not with a view to infractions of the Constitution only, that the independence of the judges may be an essential safeguard ... [against] injury ... by unjust and

---

1. The Presentence Report at 6 states that the "defendant now admits that he was involved in the instant offense to pay outstanding debts." This admission is difficult to reconcile with an argument that wrongful conviction resulted from ineffective assistance of counsel.

2. Testimony before Subcommittee on Crime, House Judiciary Committee on July 18, 1993 on behalf of Committee on Criminal Law, Judicial Conference of the United States.

partial laws. Here also the firmness of the judicial magistracy is of vast importance in mitigating the severity and confining the operation of such laws.

In this instance, however, neither the text nor the purpose of Title Eight justifies a reduction of petitioner's sentence.

## V

Title Eight provides that it applies to "all sentences imposed on or after the 10th day beginning after the enactment of this Act." 1994 Violent Crime Control Act § 80001(c), 18 U.S.C. § 3553 note.

As pointed out by Judge Jack B. Weinstein in *United States v. Ekwunoh,* 91 Cr. 684, 1994 WL 702035 (E.D.N.Y. Dec. 9, 1994), guidelines generally apply as of "the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4). Accordingly, Judge Weinstein held that if a defendant is to be resentenced, Title Eight may be applied. Shendur's claim, however, does not meet this test; there is no independent basis for resentencing him and Title Eight does not supply one.[3]

## VI

Title Eight, were it applicable, would not avail petitioner. Title Eight makes use of the ability to depart already available under 18 U.S.C. § 3553(b). Where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration," as set forth in that section, adjustments in the guideline sentence are appropriate. I already departed downward based upon petitioner's health and age to the maximum extent appropriate.

## VII

Title Eight provides that to obtain its benefits defendant must have "truthfully provided the Government all information and evidence the defendant has concerning the offense or offenses that were a part of the same course of conduct or of a common scheme or plan ..." This requirement elim-

inates the necessity for a defendant to obtain a letter from the prosecution under section 5K1 of the United States Sentencing Guidelines in order to obtain a reduction of an otherwise mandatory minimum sentence. Instead, a defendant may come forward and furnish all available information and obtain consideration as a result if justified, regardless of the position of the prosecutor and regardless of whether anyone else can be prosecuted or convicted based on the defendant's disclosures.

Petitioner has made no effort to comply with this requirement. Nor has he sought relief to make it more practicable for him to do so such as a ruling precluding statements made to government agents from being claimed to constitute a basis for prosecution under 18 U.S.C. § 1001 if later shown to have been erroneous. See *United States v. Rodgers,* 466 U.S. 475, 104 S.Ct. 1942, 80 L.Ed.2d 492 (1984).

In light of the barriers to relief set forth above, other difficulties petitioner would encounter in seeking reduction of his sentence under Title Eight need not be discussed.

## VIII

 Penalties not related to their factual underpinning are contrary to due process. *Honda Motor Co. v. Oberg,* —— U.S. ——, 114 S.Ct. 2331, 129 L.Ed.2d 336 (1994) (punitive damages must be subject to judicial review as to reasonableness under the circumstances of the case). The Eighth Amendment precluding cruel and unusual punishment is also available to correct injustice. *Farmer v. Brennan,* —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *United States v. Shepherd,* 857 F.Supp. 105 (D.D.C.1994). Petitioner's sentence, however, is neither unrelated to his crime, nor is it cruel or unusual.

SO ORDERED.

---

**3.** Were Title Eight to be applied to pre–1994 sentences where there is no valid reason for resentencing, the effective date provision of the 1994 Act would be rendered nugatory. The result would be to assume retroactive application

of Title Eight in all cases, making the specific language used by Congress irrelevant, an assumption not to be made lightly. See *Sea Robin Pipeline Co. v. FERC,* 795 F.2d 182, 184 n. 1 (DC Cir.1986) (R. Ginsburg, J.).