UNITED STATES of America

v.

Darius HART, Defendant.

Cr. A. No. 93–380.

United States District Court, District of Columbia.

Feb. 10, 1995.

Lloyd Elsten; Billy L. Ponds; Thomas Walsh Farquhar; and Ernest Wendell McIntosh, Jr., Eaton, McClellan & Allen, Washington, DC, for defendants.

Stevan Eaton Bunnell and Teresa Ann Howie, U.S. Attorney's Office, Washington, DC, for the U.S.

## MEMORANDUM OPINION IN AID OF SENTENCING

SPORKIN, District Judge.

On May 20, 1994 the defendant, Darius Hart pled guilty to distribution of 50 grams or more of cocaine base, 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). This Court sentenced the defendant to 78 months in prison on November 7, 1994.

■ The statutory minimum penalty for the offense the defendant pled guilty to is 10 years. 21 U.S.C. § 841(b)(1)(A). The Court found that the statutory minimum did not apply to Mr. Hart because he was entitled to the recently enacted "safety valve" provision, which applies to offenses under 21 U.S.C. § 841. *See* 18 U.S.C. § 3553(f)(1)–(5). The safety valve requires that Court apply the applicable guideline sentence rather than the statutory minimum if the defendant meets five criteria. Those criteria are:

1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3) the offense did not result in death or serious bodily injury to any person;

4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense of offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the infor-

mation shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(1)–(5).

■ The government argued that the defendant was not entitled to this "safety valve" provision because he did not meet criteria 2, 3, and 5. The Court found otherwise. The Court found that Ryan A. Newman, one of two other defendants, was responsible for the gun in question. His fingerprints were on it and he had pled guilty to carrying a firearm during distribution of cocaine base, 18 U.S.C. § 924(c). An "organizer or leader" is a defendant who receives an upward adjustment of his offense level for an aggravating role, according to the Commentary to the Sentencing Guidelines. U.S.S.G. § 5C1.2 (Comment 5) (1994). The defendant meets criteria number 2 because the court finds the defendant did not play an aggravating role. Indeed, the Probation Office in its presentence report did not propose such an adjustment.[1] The Court found that Mr. Hart had satisfied criteria number 5 during his plea hearing by candidly explaining to the Court his role in the offenses.

The presentence report found that the defendant's offense level was 32 and his criminal history category was 1. The defendant objected to his offense level on the ground that there was an improper two point upward adjustment for possession of a gun. Sentencing Guidelines § 2D1.1(b)(1). The Court decided to exclude the two point adjustment because the government had failed to connect the defendant with the weapon.[2]

Given an offense level of 30 and a criminal history category of 1, the Sentencing Guidelines range for the defendant is 97 to 121 months. U.S.S.G. Sentencing Table (1994). The Court found, however, that the defendant was entitled to a downward departure to 78 months.

■ It was the Court's finding that imposing a 97 month sentence on Mr. Hart

---

1. The Court further found that if there was an organizer or manager among the co-defendants, it was Ryan Newman, not Mr. Hart.

2. Ryan Newman's fingerprints were on the gun; the defendant's were not. Mr. Newman pled guilty to a weapons charge; the defendant did not.

would create a severe inequity given the circumstances surrounding his co-defendant, Mr. Newman. The government's agreement with defendant Newman was to allow him to plead guilty to a charge carrying a statutory maximum of 60 months. Although Mr. Newman initially agreed to cooperate with the government, after the court released defendant at the government's request, he proceeded to flee the country. Not only did Newman not cooperate with the government but he was also unavailable to provide the court with evidence necessary to determine defendant Hart's culpability, particularly with respect to Hart's claim that Newman had coerced him into engaging in certain of the alleged violative acts.

While the Court recognizes that a disparity in sentences between co-defendants does not, by itself, justify a downward departure, *United States v. Williams*, 980 F.2d 1463, 1467 (D.C.Cir.1992), in this case, a grave injustice would be committed if no consideration was given to this factor. There would be an inequity in sentencing this defendant as the government suggests to a sentence of some three years more than a more culpable co-defendant, who has broken his agreement with the government and fled the country. Clearly this fact should be relevant in determining defendant's sentence. The Court has weighed the above along with the fact that Mr. Newman is not presently before the court to testify as to defendant Hart's role including whether Newman's alleged coercion was at all a factor in the case.[3] Newman's absence is in part because the Court, at the Government's urging, did not detain him pending sentencing. For all of these reasons the Court finds a downward departure warranted.

---

3. Coercion that does not constitute a complete defense may nevertheless warrant a downward departure. U.S.S.G. § 5K2.12.