**UNITED STATES of America**

v.

**Sam BUFFINGTON.**

**Crim. No. 2:94–cr–6–WCO.**

United States District Court,
N.D. Georgia,
Gainesville Division.

March 15, 1995.

Carolyn Jackson Adams, Office of U.S. Atty., N.D. of Ga., Atlanta, GA, for the U.S.

Alan Jerold Baverman, Office of Alan J. Baverman, Atlanta, GA, for defendant.

## MEMORANDUM OPINION

O'KELLEY, District Judge.

The captioned case is before the court for interpretation of a recently amended statute affecting the sentencing of individuals convicted of certain specified federal drug offenses. Other issues objected to in defendant's presentence report will be addressed at defendant's sentencing.

### FACTUAL BACKGROUND

Defendant pleaded guilty on August 30, 1994, to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841. Sentencing was set for January 24, 1995. As a result of an issue raised regarding the amended statute, which provides relief in a limited class of cases from mandatory minimum sentences (*see infra*), the sentencing

was continued, to March 29, 1995. Defendant argues that he is eligible for a departure from the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(f)(1)–(5) (as amended); the government contends that defendant has not met the requisite eligibility tests.

The specific requirement at issue requires that a defendant, *inter alia*, "provide[ ] to the Government all information the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," in order to be eligible for a departure from the mandatory minimum sentence. 18 U.S.C. § 3553(f)(5) (as amended). The government contends that defendant has not truthfully provided this information, in that defendant's statements to the probation officer when interviewed about the offense to which he pleaded guilty were not true. Defendant informed the probation officer that he harvested 15–20 marijuana plants in 1993, but surveillance evidence indicated that the actual number was 78 plants. Thus, the government contends that defendant cannot meet the burden under 18 U.S.C. § 3553(f)(5) (as amended) to overcome the imposition of a mandatory minimum sentence. Defendant argues that the information provided was truthful.

At the initial sentencing hearing there was also confusion as to the breadth of information that a defendant must provide in order to satisfy § 3553(f)(5) (as amended). At the risk of oversimplification, the dispute was about whether a defendant must "name names" in order to pass muster under § 3553(f)(5) (as amended).

Leslie Burril, a special agent with the United States Forest Service, testified at the initial sentencing hearing. Mr. Burril indicated that he conducted an interview of defendant on October 27, 1994. The meeting was arranged by defense counsel in an attempt to comply with 18 U.S.C. § 3553(f) (as amended). Mr. Burril testified that defendant did not provide any new information at the interview. There was, as noted, a dispute as to the number of plants harvested in 1993. Defendant also volunteered that he was a long-term heavy user of marijuana, having used it for twenty-five years. However-

er, defendant had only cultivated marijuana for two years. That revelation led to the following exchange:

Q: [Mr. Moye, A.U.S.A.] At that point did you ask him where the marijuana that he'd gotten for the 23 years before he started cultivating it came from?

A: [Mr. Burril] I did.

Q: What did he tell you?

A: He said he bought it.

Q: Did he tell you where?

A: No.

Q: Why not?

A: **He refused to tell me any information about any other growers, users or dealers.**

Q: Did he refuse to give you any other information?

A: * * * He stated that ... he does not want to tell me any name or information about other growers, users or dealers.

Transcript of Sentencing at 28–29. The exchange reproduced above forms the necessary background for the following analysis.

### LEGAL ANALYSIS

The disputed statute states:

*Limitation on Applicability of Statutory Minimum Sentences in Certain Cases*

[I]n the case of an offense under ... 21 U.S.C. § 841, 844, 846 ... 960 or 963, the court *shall* impose a sentence [in accordance with the applicable guidelines] **without regard to any statutory minimum sentence,** *if* the court finds at sentencing, after the government has been afforded the opportunity to make a recommendation, that—

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager or supervisor of others

in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant provided to the Government all information the defendant has **concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan,** but the fact that the defendant has no relevant or useful information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f) (as amended by § 80001(a) of the *Violent Crime Control and Law Enforcement Act of 1994* ).[1] In the case *sub judice,* the government concedes the applicability of subsections (1)–(4) enumerated above. It is the interpretation and scope of (5) which is in dispute.

Not surprisingly, because this amendment is in its infancy, there is virtually no case law discussing it. Among those courts that have opined on this section though, it is undisputed that the provisions of § 3553(f) (as amended) do *not* have retroactive applicability. The amendment expressly provides that it "shall apply to all sentences imposed on or after the 10th day beginning after the date of enactment of this Act." Pub.L. No. 103–322, § 80001(c). The date of enactment was September 13, 1994. *See Shendur v. United States,* 874 F.Supp. 85, 87 (S.D.N.Y.1995); *United States v. Mitchell,* 1994 WL 732743, 1994 U.S.Dist.LEXIS 19132 (D.Kan. December 14, 1994). At least one court, however, has found that the new law applies to a resentencing on remand from a court of appeals even if the initial sentence occurred prior to the effective date. This is based on the premise that "[w]hen an intervening statute conflicts with the mandate of an appellate court, the statute prevails." *United States v.*

*Ekwunoh,* 1994 WL 702035, *3, 1994 U.S.Dist.LEXIS 17948, **8–9 (S.D.N.Y. December 9, 1994) (*citing Banco Nacional de Cuba v. Farr,* 383 F.2d 166, 178 (2d Cir. 1967), *cert. denied,* 390 U.S. 956, 88 S.Ct. 1038, 19 L.Ed.2d 1151 (1968) (Supreme Court mandates must yield to "a subsequently enacted federal statute.")).

The only other case law elaborating on this section[2] as of the date of this opinion held:

[T]he determination whether a "defendant has **truthfully provided** to the Government **all information** and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" ... is to be made by the Court. The language of the statute ... ("if the court finds at sentencing"), as well as that of the Guidelines ("if the court finds"), makes the Court's ultimate authority clear.

*United States v. Aristizabal,* 1994 WL 689089, *1, 1994 U.S.Dist.LEXIS 17441, *1 (S.D.N.Y. December 7, 1994) (emphasis added). To recapitulate, the limited case law instructs that § 3553(f) (as amended) is not retroactive, and that the court is the arbiter of its applicability, as opposed to a recommendation from the prosecutor. It should also be noted that there is no legislative history which illuminates the interpretation of this section.

 The issue currently before this court, as indicated above, is the extent of the information a defendant must provide in order to satisfy subsection (5). The operative language of subsection (5) suggests the extent of cooperation contemplated by Congress. It deals with the provision of information "concerning the offense or offenses that were *part of the same course of conduct or of a common scheme or plan.*" This choice of language implies that the defendant's obligation only concerns information regarding his crime or those crimes closely linked to

---

**1.** The language of 18 U.S.C. § 3553(f) (as amended) has been adopted verbatim in the *U.S. Sentencing Comm'n Guidelines Manual* at § 5C1.2.

**2.** Three other cases have addressed the new provision, but did not expound any further than those cases cited above. *See United States v.*

*Hart,* 876 F.Supp. 4 (D.D.C.1995); *United States v. Gilmer,* 1995 WL 55635, 1995 U.S.Dist.LEXIS 1470 (N.D.Ala. February 6, 1995); *United States v. Singh,* 1994 WL 510053, 1994 U.S.Dist.LEXIS 13214 (S.D.N.Y. September 16, 1994).

his. While an actual conspiracy is not necessary to meet this standard, the statute presumes a significant nexus between the defendant's conduct and those other offenses about which the defendant is obliged to provide information if he is to benefit from this section. Coupled with the fact that Congress clearly intended to relax the imposition of mandatory minimum sentences in this limited context,[3] it appears that a defendant need not provide information on *all* similar crimes within his knowledge. Rather, there must be some connection between the crime of which the defendant is convicted and the crimes about which the government is seeking information. In the absence of such a connection, a defendant can be in compliance by truthfully relating all he knows about his crime.

willingness to identify others directly connected with defendant's involvement with the purchase and distribution of marijuana, is fatal to defendant's endeavor to qualify for departure from the mandatory minimum sentence.

Any outstanding issues regarding defendant's sentencing shall be addressed at the sentencing hearing, which is hereby set for Wednesday March 29, 1995, at 4:30 p.m. at the United States District Court in Gainesville, Georgia.

### CONCLUSION

In the case at bar, the court finds that defendant is not, as a matter of law, obliged to provide information to the government regarding the criminal activity of others who are not associated by a common nexus with defendant's course of conduct. Defendant is obliged to provide information relevant to his own course of conduct *and* his immediate chain of distribution, i.e., from whom he bought and to whom he sold, if he wishes to avail himself of the benefits of § 3553(f) (as amended). The facts as set forth above, particularly those reflected in the reproduction of the hearing transcript, clearly show that defendant has not met this obligation. Simply stated, defendant would not provide information about other suppliers with whom he had dealings in 1993. This is antithetical to the goals of § 3553(f)(5) (as amended). Moreover, § 3553(f)(5) (as amended) has been interpreted as containing a requirement that the information provided by the defendant, both as to his own and related conduct, must be truthful if the court is to entertain the possibility of granting a departure. Defendant's statements regarding the quantity of marijuana plants fall short of this standard. The failure to meet this requirement, in conjunction with the un-

---

**3.** If Congress did not intend to provide some relief from mandatory minimum sentences, there would have been no reason to amend the statute as they did. Section 3553(f) "reflects a congres-

sional decision that mandatory minimum sentences no longer be applied mechanically." *Shendur, supra,* at 86.