USCA1 Opinion

 

 June 7, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2146 UNITED STATES, Appellee, v. JOSE M. DONES, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Jose M. Dones on brief pro se. _____________ Guillermo Gil, United States Attorney and Juan A. Pedrosa, ______________ _________________ Assistant U.S. Attorney, on brief for appellee.  ____________________ ____________________ Per Curiam. The sole issue raised by this ___________ sentencing appeal is whether the district court erred in determining that defendant-appellant Jose Manuel Dones is ineligible for relief from the statutory minimum penalty for his offense pursuant to 18 U.S.C. 3553(f) and the related guideline provision, U.S.S.G. 5C1.2. For the following reasons, we affirm. I. _ On May 16, 1994, co-defendant Hiram Antonio Collazo was arrested at the Luis Munoz Marin International Airport, Carolina, Puerto Rico, after customs officials discovered that a leather portfolio he was carrying contained heroin. Collazo informed the arresting officers that he had gone to Aruba to pick up the heroin, and that he was bringing it to Dones, who had paid him with a Suzuki vehicle. Collazo agreed to cooperate with the government, and Dones was arrested that same day after Collazo made a controlled delivery of the heroin to him. On June 27, 1994, Dones pled guilty to possession of heroin with intent to distribute it. See 21 U.S.C.  ___ 841(a)(1); 18 U.S.C. 2. Prior to sentencing, a presentence investigation report (PSR) was prepared. The PSR determined the guideline sentencing range to be 46 - 57 months, but noted that the statutory minimum term of imprisonment for the offense, which involved 333.6 grams of heroin, is five years. See 21 U.S.C. 841(b)(1)(B).  ___ A sentencing hearing was conducted, and sentence was imposed, on September 23, 1994. At the hearing, defense counsel urged the district court to depart from the statutory minimum term of imprisonment to a sentence at the middle of the guideline range pursuant to 18 U.S.C. 3553(f) and U.S.S.G. 5C1.2, which provide for relief from the mandatory minimum if five criteria are met.1 The court found that the  ____________________ 1. The statute provides, in pertinent part, that in the case of an offense under 21 U.S.C. 841, the court shall impose a sentence pursuant to the guidelines without regard to any statutory minimum sentence, if: (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;  (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing enterprise, as defined in 21 U.S.C. 848; and  (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other -3- 3 first four criteria are met. However, after making inquiry of the government, it determined that the defendant did not meet the fifth condition that he share with the government all known information about the offense. The court sentenced Dones to 60 months imprisonment, followed by a term of supervised release. This appeal ensued. II. __ Dones argues that the district court erred in determining that he failed to satisfy the fifth condition under 18 U.S.C. 3553(f) and U.S.S.G. 5C1.2. He contends that although his co-defendant reached the government first, both he and his co-defendant provided the government with complete information. He further contends that the district court misinterpreted the fifth condition and found him ineligible for relief from the statutory minimum penalty because he had no new or useful information to provide the government. Contrary to the government's contention, we have jurisdiction to review whether Dones' sentence was "imposed in violation of law" or "as a result of an incorrect application of the sentencing guidelines." 18 U.S.C.   ____________________ information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement. 18 U.S.C. 3553(f)(1)-(5). The guideline provision essentially tracks the language of the statute. -4- 4 3742(a).2 We review fact-bound matters related to sentencing for clear error. See United States v. Andujar, 49 ___ _____________ _______ F.3d 16, 25 (1st Cir. 1995); United States v. Wright, 873 _____________ ______ F.2d 437, 443-44 (1st Cir. 1989). A district court's legal interpretation of the guidelines engenders de novo review. __ ____ See United States v. Talladino, 38 F.3d 1255, 1263 (1st Cir. ___ _____________ _________ 1994).  Dones' suggestion that the district court refused to depart from the statutory minimum sentence because he failed to provide new or useful information to the government is baseless. The record reveals that the district court denied the requested relief because it found that Dones did not come forward and provide complete information to the government concerning his offense. Accordingly, we turn to whether this finding was erroneous. When asked, at sentencing, whether Dones had provided complete and truthful information, the government replied that it had not engaged in any discussions with Dones concerning the offense. Defense counsel did not dispute this  ____________________ 2. The government argues that we lack jurisdiction to review a district court's discretionary refusal to depart downward from the applicable guideline range. See, e.g., United ___ ____ ______ States v. Gifford, 17 F.3d 462, 473 (1st Cir. 1994). ______ _______ Although this principle is true, we assume arguendo (although ________ we need not decide) that it is inapplicable here. Section 3553(f) and the related guideline provision do not address departures from the guideline sentencing range; rather, they provide for relief from mandatory minimum penalties in certain cases.  -5- 5 statement, but argued that Dones had provided the necessary information to probation. The probation officer stated that Dones was very reticent in answering questions, and that he only told probation that he had met an individual who requested that he find someone to secure narcotics. We need not decide, in the instant case, whether a defendant can ever avail himself of the benefits of 3553(f) by providing information to probation, rather than to the prosecutor. The district court did not clearly err in determining that the few, sketchy details Dones came forward with did not satisfy the requirement that he provide "all information and evidence [he] has concerning the offense." 18 U.S.C. 3553(f)(5). At the very least, Dones should have disclosed the identity of the person for whom he was operating. See United States ___ _____________ v. Buffington, 879 F. Supp. 1220, 1223 (N.D. Ga. 1995). __________ Affirmed. ________ -6- 6