**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 94-5866

SIDNEY WAYNE IVESTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-94-138)

Argued: November 3, 1995

Decided: February 15, 1996

Before RUSSELL and HALL, Circuit Judges, and MICHAEL,
Senior United States District Judge for the Western District of
Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Russell wrote the majority
opinion, in which Senior Judge Michael joined. Judge Hall wrote a
dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Charles Jackson Alexander, II, MORROW, ALEXAN-
DER, TASH & LONG, Winston-Salem, North Carolina, for Appel-
lant. David Bernard Smith, Assistant United States Attorney/Senior
Litigation Counsel, Greensboro, North Carolina, for Appellee. **ON**

**BRIEF:** Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.

_____

**OPINION**

RUSSELL, Circuit Judge:

Sidney Wayne Ivester appeals the district court's order sentencing him to a statutorily-mandated term of five years imprisonment for his role in a conspiracy to manufacture marijuana. Ivester contends the district court erred in failing to accord him a downward departure from the statutorily-mandated minimum sentence in accordance with a recent amendment to the sentencing statute, 18 U.S.C. § 3553. For the following reasons, we affirm Ivester's sentence.

I.

On September 13, 1994, Congress enacted the Violent Crime Control and Law Enforcement Act of 1994. Pub. L. No. 103-322, 108 Stat. 1796 (1994). As part of this Act, Congress created a "safety valve" provision that limits application of statutorily-mandated minimum sentences to the more serious drug offenders. Id. at § 80001(a) (codified at 18 U.S.C. § 3553(f)). The safety valve provision enables a court faced with certain non-violent drug offenders to forgo applying the mandatory minimum sentence in favor of a lesser sentence under the sentencing guidelines. However, to obtain the benefit of § 3553(f), a defendant must, inter alia , provide truthful information to the Government concerning the crime.

Ivester pled guilty to one count of conspiring to manufacture in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1). Because of the amount of marijuana involved, Ivester faced a five-year statutorily-mandated minimum sentence. See 21 U.S.C. § 841(b)(1)(B). Ivester sought a§ 3553(f) downward departure from the statutorily-mandated minimum sentence. Finding that Ivester had failed to provide the Government with any truthful information concerning his crime, the district court denied Ivester a downward departure and imposed the five-year minimum sentence.

2

Ivester contends he is entitled to the departure in any event because he would have provided truthful information to the Government had it asked for any.

II.

It is now well-settled that the discretionary denial of a request for a downward departure from the sentencing guidelines is generally not subject to appellate review. See United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir. 1992); United States v. Bayerle, 898 F.2d 28, 30 (4th Cir.), cert. denied, 498 U.S. 819 (1990). Although this principle of non-review is true, we assume, without deciding, that it is inapplicable here because § 3553(f) provides relief from statutorily-mandated sentences rather than those mandated by the sentencing guidelines.

Even if the principle of non-review applies to § 3553(f) departures, we recognize an exception where the district court's denial was premised on a mistaken belief that it lacked authority to depart downward. Bayerle, 898 F.2d at 31. In this limited circumstance, 18 U.S.C. § 3742(a)(1) provides appellate jurisdiction because the claim is essentially one for review of a sentence allegedly "imposed in violation of law." Id. Ivester's claim would fall within this exception because he contends the district court's denial of his downward departure motion was premised on an erroneous construction of § 3553(f). According to Ivester, the district court denied his motion because under its construction of § 3553(f), it did not believe it had authority to depart. We therefore turn to the merits of Ivester's claim.

Ivester raises an issue of statutory construction that is of first impression in this court, and one that has not been decided by any other circuit: whether pursuant to § 3553(f), defendants are required to affirmatively act to inform the Government of their crimes, or whether it is sufficient that they are willing to be completely truthful although the Government never attempts to obtain the information. We begin this task of statutory construction by examining the language of the statute. If that language is plain and unambiguous, our inquiry must cease and we are duty bound to give effect to that language. Robinson v. Shell Oil Co., 70 F.3d 325, 328-29 (4th Cir. 1995).

3

As recently amended, § 3553 provides some relief from statutorily-mandated minimum sentences where:

> (1) the defendant does not have more than one criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined at 21 U.S.C. § 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). Both parties agree that Ivester met the first four requirements of § 3553(f). At issue is whether Ivester complied with the final requirement that he provide truthful information to the Government about the conspiracy. Section 3553(f)(5) requires more than accepting responsibility for one's own acts; rather, satisfaction of § 3553(f)(5) requires a defendant to disclose all he knows concerning both his involvement and that of any co-conspirators. United States v. Acosta-Olivas, 71 F.3d 375, 378 (10th Cir. 1995).

4

In the instant case, the Government sought no information from Ivester, and Ivester did not volunteer any information about the conspiracy. The record reveals that Ivester was one of the final conspirators to be indicted. Accordingly, the Government no longer needed additional information about the crime. But, because a defendant cannot be denied § 3553(f) relief merely because of the uselessness of the information to the Government, Ivester contends the court erred in denying his motion on this basis.

Ivester is correct that the district court could not deny him relief merely because the Government had no use for the information. However, regardless of the information's utility to the Government, § 3553(f)(5) requires a defendant to "truthfully <u>provide to the Government</u> all information . . . concerning the offense." 18 U.S.C. § 3553(f)(5) (emphasis added). We believe this plain and unambiguous language obligates defendants to demonstrate, through affirmative conduct, that they have supplied truthful information to the Government. Although this specific issue has not been addressed by any other circuit, our construction of § 3553(f)(5) is consistent with <u>dicta</u> from the few courts that have analyzed the provision. <u>See United States v. Acosta-Olivas</u>, 71 F.3d at 379 (to obtain a reduction of sentence under § 3553(f), defendant may come forward and furnish all available information); <u>United States v. Rodriguez</u>, 69 F.3d 136, 143 (7th Cir. 1995) (where defendant did not know any further information, defendant had burden of communicating that fact to the government to qualify for reduction); <u>United States v. Wren</u>, 66 F.3d 1, 3 (1st Cir. 1995) (§ 3553(f)(5) contemplates an <u>affirmative act</u> of cooperation with the government no later than the time of the sentencing hearing).

Ivester contends nonetheless that § 3553(f)(5) should be construed to place on the Government the onus of seeking out defendants for debriefing. However, such a construction is not supported by § 3553(f)(5)'s plain language, and it would lead to an absurd result. Under Ivester's proffered construction, those defendants facing statutorily-mandated minimum sentences for drug convictions who were not approached and debriefed by the Government could qualify for the reduction even though they <u>never</u> provided the Government with any information. Ivester's construction of § 3553(f)(5) would essentially obviate the requirement that defendants "provide" informa-

5

tion. We refuse to read a statute in such a way as to nullify its terms. See In re Application of the United States, 563 F.2d 637, 642 (4th Cir. 1977).

Finally, Ivester contends that our construction of § 3553(f)(5) is illogical because it requires defendants to become government informants and, as such, renders redundant substantial assistance departures under § 3553(e) or its companion sentencing guidelines provision, U.S.S.G. § 5K1.1. Ivester notes that "substantial assistance" typically entails some level of affirmative conduct on the defendant's part that exceeds merely demonstrating a willingness to cooperate and answer questions. Hence, Ivester contends, it is irrational to construe § 3553(f) as permitting a departure under the identical circumstances as § 3553(e) or U.S.S.G. § 5K1.1.

Ivester correctly notes that we are reluctant to interpret statutory provisions so as to render superfluous other provisions within the same enactment. See Freytag v. Commissioner of Internal Revenue, 501 U.S. 868, 877 (1991) (citing Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 562 (1990)). However, we do not believe our construction has such an effect. We agree instead with those courts previously addressing the similarity between the two provisions that § 3553(f) departures are not identical to substantial assistance departures. "Section 5K1.1 requires a motion from the government and the government's evaluation of the extent of the defendant's assistance is given `substantial weight.' Under § 3553(f)], by contrast, the court determines whether a defendant has complied with its provisions, including subsection 5." United States v. Acosta-Olivas, 71 F.3d at 379 (internal citations omitted) (interpreting identical sentencing guidelines provision U.S.S.G. § 5C1.2); see also Shendur v. United States, 874 F. Supp. 85, 87 (S.D.N.Y. 1995) (stating that § 3553(f) departures eliminate the need for defendant to obtain a letter from the prosecution under § 3553(e) or § 5K1.1 to obtain a reduction of an otherwise mandatory minimum sentence). Hence, § 3553(f) does not render superfluous provisions for substantial assistance departures under § 3553(e) or U.S.S.G. § 5K1.1.

We hold, therefore, that defendants seeking to avail themselves of downward departures under § 3553(f) bear the burden of affirmatively acting, no later than sentencing, to ensure that the Government

6

is truthfully provided with all information and evidence the defendants have concerning the relevant crimes. Even if this information is of no use to the Government, it will not prevent the sentencing court from departing downward if all other requirements of § 3553(f) are satisfied. We maintain, however, that defendants cannot claim the benefit of § 3553(f) by the mere fact that the Government never sought them out for debriefing. Ivester's sentence is, accordingly,

AFFIRMED.

HALL, Circuit Judge, dissenting:

The majority has, in my view, construed the word "provide" to mean something much more specific than its commonly understood usage. Because the majority's unduly restrictive approach frustrates the intent of Congress by imposing a sixth, unauthorized prerequisite to the operation of the "safety valve" provision, I must dissent.

By enacting § 3553(f), Congress plainly intended to except certain less-culpable offenders from the relatively harsh mandatory minimum sentences imposed on those who possess or traffic in substantial quantities of controlled substances, or attempt or conspire to do so.[1] The statute compels the district court to impose a lesser Guidelines sentence if (1) the defendant has no more than one criminal history point; (2) the defendant did not employ violence, threats of violence, or possess a firearm in connection with the offense; (3) no one was killed or seriously hurt as a result of the offense; (4) the defendant neither played an aggravating role (organizer, leader, etc.) in the offense nor engaged in a continuing criminal enterprise; and (5) the defendant "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." See 18

_____

[1] See United States v. Buffington , 879 F. Supp. 1220, 1223 (N.D. Ga. 1995) ("Congress clearly intended to relax the imposition of mandatory minimum sentences in this limited context.") (footnote omitted); Shendur v. United States, 874 F. Supp. 85, 86 (S.D.N.Y. 1995) ("[Section] 3553(f) reflects a congressional decision that mandatory minimum sentences no longer be applied mechanically.").

7

U.S.C.A. § 3553(f) (West 1995 Supp.).**2** As to the fifth requirement, the defendant is not denied the benefit of the statute merely because he possesses no relevant or useful information, or because any or all of the material that he discloses is already known to the government. Id.

Nowhere in § 3553(f) is it suggested that a defendant must, with respect to the fifth requirement, initiate contact with the government in order to avail himself of the safety valve.**3** Indeed, several courts have made findings of fact regarding compliance with§ 3553(f)(5) where the contact alleged to have provided all or part of the context for the defendant's revelation has been initiated by the government or by the court. See United States v. DeJesus-Gaul , No. 95-3045, 1996 WL 12644, at *1 (D.C. Cir. Jan. 12, 1996) (testimony at sentencing hearing); United States v. Rodriguez, 69 F.3d 136, 143 (7th Cir. 1995) (verbal admission of guilt, apparently during Rule 11 colloquy); United States v. Blackwell, 897 F. Supp. 586, 589 (D.D.C. 1995) (statements to probation officer); United States v. Buffington, 879 F. Supp. 1220, 1221 (N.D. Ga. 1995) (same);**4** United States v. Hart, 876 F. Supp. 4, 5 (D.D.C. 1995) (statements at plea hearing).

Instead, all that is required of the defendant is that he "provide" the government with information and evidence relating to the offense or offenses of which he stands convicted. As it is used in § 3553(f)(5), the word "provide" means nothing more than"tell." The majority is correct that the statute contemplates an "affirmative act" of coopera-tion. Ante at 5. However, the affirmative act required is merely that the defendant open his mouth. A defendant may satisfy § 3553(f)(5)

_____

**2 See also** United States Sentencing Commission, Guidelines Manual, §5C1.2 (Nov. 1995) (incorporating § 3553(f) verbatim).
**3** The district court nevertheless appears to have imposed such a requirement, stating that "there was not full compliance [with § 3553(f)], for the reason that I think it was incumbent upon[Ivester] to initiate the full confession of activities to the Government at an early time, and I cannot find that he has done that."
**4 Contra United States v. Rodriguez**, 60 F.3d 193, 196 (5th Cir. 1995) (holding that the defendant's statements to the probation officer were insufficient to satisfy the safety valve's fifth requirement: "[T]he proba-tion officer is, for purposes of § 5C1.2, not the Government.").

by telling the government what he knows at any time both parties are present and receptive to communication.**5**

It bears repeating that the statute merely requires the defendant to provide all the information and evidence that he has. That the material is stale or unhelpful to the authorities is of no consequence. Indeed, the record in Ivester's case indicates that he was the last of the conspiracy's five members to be indicted, and the government admits that it never sought to debrief him. A fair inference thus arises that Ivester had no useful information to reveal. Moreover, the question of whether Ivester would qualify for the safety valve was not broached until the sentencing hearing itself (barely one month following the statute's effective date), and then only by someone who appears to

_____

**5.** Cf. USSG § 3E1.1, decreasing the defendant's offense level by two if he "clearly demonstrates" acceptance of responsibility for the offense. Arguably, the language of that Guideline contemplates even more of an "affirmative" act than does § 3553(f)(5). Nevertheless, the two-point decrease under § 3E1.1 is, to my knowledge, never contingent upon the defendant's spontaneous request for leniency. Instead, the probation officer routinely interviews the defendant and otherwise examines the record for evidence of the defendant's contrition. The probation officer then makes a recommendation to the sentencing court. There is no reason that a similar procedure cannot be followed to determine whether § 3553(f) applies in a particular case.

I would also point out that, contrary to the majority's construction, the word "provide" does not ordinarily connote assertive behavior on the part of the actor. After all, a supermarket "provides" the public with grocery items, but it is the rare store indeed that makes home deliveries, and rarer still unsolicited ones.

Finally, I note that United States v. Arrington , No. 95-1566, 1996 WL 1114, (7th Cir. Jan. 2, 1996), does not dictate a different result in Ivester's case. The court of appeals in Arrington held that a defendant's stipulation to facts in a plea agreement was insufficient to satisfy § 3553(f)(5). Although the Seventh Circuit observed that the defendant "did not initiate any contact with government officials offering to provide details of his involvement in drug dealing," it also specifically stated that the defendant had failed to respond to a letter from the government proffering terms for further debriefing. Id. at *3. In addition, there was ample evidence that the defendant possessed information unknown to the government. Id.

have been representing the probation office at the hearing. Under the circumstances, it seems only fair that we remand this case so that Ivester may be given the opportunity to fully comply with the letter of § 3553(f)(5).

I respectfully dissent.

10