UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4047

ANTOINE THURMAN, B/M,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Charles E. Simons, Jr., Senior District Judge.
(CR-97-302)

Submitted: September 15, 1998

Decided: October 26, 1998

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Cameron G. Chandler, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Antoine Thurman of conspiracy to possess with intent to distribute cocaine and marijuana. On appeal, Thurman alleges that the district court erred by refusing to apply the "safety valve" provision found in 18 U.S.C.A. § 3553(f) (West Supp. 1998) and USSG § 5C1.2,* which would have resulted in a reduction of his base offense level by two levels pursuant to USSG§ 2D1.1(b)(6). Finding no error, we affirm.

One of Thurman's former co-workers, who was acting as a confidential informant, approached Thurman stating that he knew someone with a large quantity of drugs to sell and asking whether Thurman could help him find a buyer. Thurman agreed and engaged in numerous telephone conversations with the "seller," who was actually an undercover DEA agent. Thurman eventually negotiated the "sale" of ten kilograms of cocaine and 500 pounds of marijuana. After an aborted attempt to complete the transaction, Thurman set up another buy. Thurman, his co-defendant, and two unidentified co-conspirators met the informant and another undercover DEA agent. The agent observed sufficient cash to purchase at least half of the drugs and gave the arrest signal. Thurman and his codefendant were arrested, but the other two co-conspirators escaped with a majority of the purchase money. While Thurman gave a statement shortly after his arrest admitting that he negotiated the sale of the drugs, he refused to cooperate further with authorities. At sentencing, Thurman contested his role in the offense and the amount of drugs attributable to him.

We review the district court's determination that Thurman failed to

_____

*U.S. Sentencing Guidelines Manual (1997). The "safety valve" allows a sentencing court to impose a sentence in accordance with the applicable Guidelines range, regardless of any statutory minimum sentence, if the defendant satisfies five criteria. In the present case it is undisputed that Thurman satisfied four of the five criteria. The issue before the court is whether Thurman satisfied the fifth prerequisite, which required him to truthfully provide to the Government all information and evidence he had concerning the offense. See USSG § 5C1.2(5).

qualify for the "safety valve" provision for clear error and find none. See United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). Thurman has the burden of proving that he has met the prerequisites for application of the "safety valve" and, with regard to the requirement in question, must make an affirmative effort to disclose fully all the information in his possession, including information relating to the involvement of others and the chain of narcotics distribution. See United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir.), cert. denied, 518 U.S. 1011 (1996).

In the present case, we find that the record supports the district court's determination that Thurman failed to meet this burden. During his interview with the probation officer and during the sentencing hearing, Thurman continued to try to minimize his role in the offense and to challenge the amount of drugs attributable to him, despite his admissions during his post-arrest interview. In addition, Thurman failed to provide any information concerning the co-conspirators who escaped, the identity of the buyer, how much he was being paid for facilitating the sale, or by whom he was being paid. As a result, we find that the district court did not clearly err in concluding that Thurman had not truthfully provided all the information in his possession.

We therefore affirm Thurman's conviction and sentence. The Government's unopposed motion to decide the case on the briefs is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3