UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5036

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDERO ARANGO-LOPEZ, a/k/a Alejandero Jesus Arango,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge.  (1:07-cr-00002-BEL)

Submitted:  July 27, 2009          Decided:  August 7, 2009

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William J. Baker, MORENO & ASSOCIATES, Chula Vista, California, for Appellant.  Rod J. Rosenstein, United States Attorney, Bryan M. Giblin, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Alejandero Arango-Lopez was convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to 151 months in prison. On appeal, Arango-Lopez argues that the district court erred in denying his motion to suppress evidence obtained in a warrantless search of the commercial truck he was driving and his subsequent statements, that he was entitled to a two-level reduction in offense level pursuant to the statutory "safety valve," and that his sentence was unreasonable. Finding no error, we affirm.

This court reviews the factual findings underlying the district court's denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). The evidence is construed in the light most favorable to the prevailing party below. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

We have recognized that "[o]bserving a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." Branch, 537 F.3d at 335. Thus, in the course of a routine

traffic stop, an officer can a obtain driver's license and registration and perform a computer check on these documents before issuing a citation. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). However, "[a]ny further investigative detention . . . is beyond the scope of the Terry[1] stop and therefore illegal unless the officer has a reasonable suspicion of a serious crime or the individual consents to the further detention." Id. (internal quotation marks and citations omitted). Reasonable suspicion requires more than a hunch but less than probable cause, and may be based on the collective knowledge of officers involved in an investigation. Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000); United States v. Hensley, 469 U.S. 221, 232 (1985). Courts assess the legality of police conduct during a Terry stop under the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989).

Arango-Lopez was traveling over the speed limit and Trooper Stines possessed sufficient cause to stop him, request his license, registration, and other documents pertaining to commercial trucking, and examine them. Arango-Lopez argues that Trooper Stines had neither a reasonable suspicion nor probable cause to detain him beyond the initial traffic stop. Trooper Stines testified that during the initial traffic stop and review

[1] Terry v. Ohio, 392 U.S. 1 (1968).

3

of Arango-Lopez's documentation he became suspicious of the legitimacy of Arango-Lopez's trucking business and itinerary, thus justifying continued detention. Trooper Stines testified that during the questioning Arango-Lopez appeared extremely nervous and the nervousness did not dissipate once Stines informed him that he was merely writing him a warning ticket. Arango-Lopez's bills of lading and log book also contained inconsistencies, including a large load of expensive electronics in an unsealed trailer, an unexplained day-and-a-half stop in Arkansas, and a circuitous route that was hundreds of miles longer than the more heavily-patrolled direct route. Based on the totality of the circumstances, Trooper Stines had a reasonable suspicion that Arango-Lopez was involved in criminal activity to detain him beyond the initial stop.

We also conclude that the warrantless search of the truck trailer was lawful. First, probable cause existed to support the search after a trained drug dog alerted to drugs in the truck trailer. Moreover, independent of probable cause, Arango-Lopez provided voluntary oral and written consent to the search. We therefore conclude that the district court did not err in refusing to suppress the evidence obtained during the search of the truck trailer or Arango-Lopez's subsequent statements.

4

We also reject Arango-Lopez's contention that the district court erred in failing to apply the safety valve provision. A defendant is eligible for an offense level reduction and a sentence below an otherwise applicable statutory mandatory minimum if he meets all five requirements set forth in the statute.[2] See 18 U.S.C. § 3553(f) (2006); USSG § 5C1.2. To satisfy the fifth requirement, the defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense." Id. § 3553(f)(5). We have previously stated that the "plain and unambiguous language of [18 U.S.C. § 3553(f)(5)] obligates defendants to demonstrate, through affirmative conduct, that they have supplied truthful information to the Government." United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir. 1996). Moreover, a defendant must acknowledge responsibility before qualifying for an application of the safety valve, and the decision to proceed to trial is inconsistent with accepting one's criminal actions. See United

---

[2] The statute applies only if the defendant: (1) "does not have more than one criminal history point"; (2) has not used violence or possessed a dangerous weapon in connection with the offense; (3) has not caused death or serious bodily injury; (4) "was not an organizer, leader, manager, or supervisor of others in the offense"; and (5) "not later than the time of the sentencing hearing, . . . has truthfully provided to the Government all information and evidence" concerning offenses that are part of the same course of conduct or a common scheme or plan. 18 U.S.C.A. § 3553(f) (West 2006); USSG § 5C1.2(a) (2006).

States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996). The district court's determination that a defendant has not satisfied the safety valve criteria is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997).

The district court found that Arango-Lopez was not eligible for the safety valve because he did not accept responsibility for his actions, citing his rejection of an offered plea agreement that forced the Government to proceed to trial. Further, even after his conviction, Arango-Lopez made no affirmative effort to disclose all he knew to the Government. We conclude the district court's finding was not clearly erroneous.

Finally, Arango-Lopez argues that his sentence was unreasonable. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider this in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, ____, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. 128 S. Ct. at 591. Sentences within the applicable guidelines range may be presumed by the appellate

6

court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Arango-Lopez, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range, performing an individualized assessment of the § 3553(a) factors to the facts of the case, and stating in open court the reasons for the sentence. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). (J.A. 88-89). The court determined that a sentence within the guidelines was warranted, due to the serious nature of the offense, but in light of Arango-Lopez's good character references and work history found a sentence at the bottom of the guidelines range appropriate. Arango-Lopez's sentence, which is the bottom of the applicable guidelines range and below the statutory maximum of life, may be presumed on appeal to be reasonable. Thus, the district court did not abuse its discretion in imposing the 151-month sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7