**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4616**

———————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

OFELIA RODRIGUEZ-ORNELAS,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  J. Michelle Childs, District Judge.  (7:10-cr-00991-JMC-1)

———————————

Submitted:  November 7, 2011      Decided:  December 6, 2011

———————————

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Andrew B. Moorman, Sr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ofelia Rodriguez-Ornelas pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). The district court sentenced Rodriguez-Ornelas to the statutory mandatory minimum of 120 months' imprisonment, and she now appeals. Finding no reversible error, we affirm.

On appeal, Rodriguez-Ornelas argues that the district court erred in determining that she was ineligible for application of the safety valve provision under the Sentencing Guidelines. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted).

To qualify for the safety valve provision and a sentence below the statutorily required mandatory minimum, the defendant must establish that (1) he does not have more than one criminal history point; (2) he did not use violence or possess a firearm in connection with the offense; (3) the offense did not

2

result in death or serious bodily injury; (4) he was not an organizer, leader, manager, or supervisor of others in the offense; and (5) no later than the time of sentencing, he truthfully provided the government with all evidence and information he had concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.  18 U.S.C. § 3553(f) (2006); U.S. Sentencing Guidelines Manual § 5C1.2 (2010).  The defendant bears the burden of proving that all five safety valve requirements have been met. United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996).  The requirement that the defendant truthfully provide all information concerning the offense to the government "obligates defendants to demonstrate, through affirmative conduct, that they have supplied truthful information to the Government."  United States v. Ivester, 75 F.3d 182, 185 (4th Cir. 1996).

The district court determined that Rodriguez-Ornelas failed to provide truthful information to the Government regarding the offense.  Having reviewed the record, we conclude that this finding was not clearly erroneous.  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

                                                            AFFIRMED