**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4083**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SELVIN DARIO NAJERA,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Chief District Judge.  (7:12-cr-00066-GEC-2)

———————————

Submitted:  October 28, 2014     Decided:  November 14, 2014

———————————

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Terry N. Grimes, TERRY N. GRIMES, ESQ., P.C., Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Laura Day Rottenborn, Assistant United States Attorneys, Roanoke, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Selvin Dario Najera was convicted, after a jury trial, of conspiracy to distribute methamphetamine. The district court sentenced him to 235 months' imprisonment. He now appeals, asserting that the district court erred by denying his motion for a bill of particulars and by allowing the testimony of his daughter, which he contends contained inadmissible hearsay. He also challenges his sentence, arguing that the court erred in determining the weight of the drugs attributable to him, enhancing his sentence based on a finding that he obstructed justice, and denying him the safety valve sentencing reduction, 18 U.S.C. § 3553(f) (2012). Concluding that the district court did not err, we affirm Najera's conviction and sentence.

Najera moved for a bill of particulars, requesting that the United States be directed to specify when the conspiracy is alleged to have begun and on what dates he was alleged to have distributed methamphetamine. He asserted that this information was necessary to prepare a defense and to present any alibi defense. Because the Government provided Najera with full discovery and because Najera failed to show that he suffered any unfair surprise, United States v. Jackson, 757 F.2d 1486, 1491 (4th Cir. 1985), we conclude that the district court did not abuse its discretion in determining that this was a discovery issue and denying the motion for a bill of

2

particulars.  See United States v. MacDougall, 790 F.2d 1135, 1153 (4th Cir. 1986).

Najera challenges the testimony of his daughter as to their relationship, contending that it was unfairly prejudicial. We find no abuse of discretion by the district court in admitting this evidence as relevant and determining that it was not unfairly prejudicial.  See United States v. Kelly, 510 F.3d 433, 436-38 (4th Cir. 2007); United States v. Robinson, 275 F.3d 371, 383 (4th Cir. 2001) (providing standard).  We also uphold the district court's determination that Najera's daughter's testimony concerning her discovery that he was involved in the drug trade was admissible as a coconspirator statement.  See United States v. Portsmouth Paving Corp., 694 F.2d 312, 320 (4th Cir. 1982) (requiring a preponderance of the evidence of existence and participation in conspiracy in order for coconspirator statement exception to hearsay rule to apply).

Najera next contends that the district court erred in determining that, for sentencing purposes, he was responsible for more than five, but less than fifteen kilograms of methamphetamine.  We find no clear error by the district court in its calculation of the amount of drugs attributable to Najera.  See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002); United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).

Najera also challenges the two-level enhancement to his sentence after the district court found that he obstructed justice by committing perjury in his testimony. We have reviewed the trial testimony and the findings by the district court and find no clear error in the determination that Najera obstructed justice by presenting perjured testimony. See United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005) (providing standard); United States v. Dunnigan, 507 U.S. 87, 95-96 (1993) (upholding obstruction of justice enhancement for perjury).

Lastly, Najera asserts that the district court erred by denying him the sentence reduction under the safety valve provision of 18 U.S.C. § 3553(f). Because the district court did not clearly err in finding that Najera committed perjury and failed to accept responsibility for his criminal conduct, the safety valve reduction was appropriately denied. See United States v. Ivester, 75 F.3d 182, 184 (4th Cir. 1996).

Accordingly, we affirm Najera's conviction and his 235-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4