**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5219

HENRY LOFI SOLOMON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
M. J. Garbis, District Judge.
(CR-92-214-MJG)

Submitted: June 28, 1996

Decided: July 22, 1996

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Godwin Oyewole, Washington, D.C., for Appellant. Lynne A. Bat-
taglia, United States Attorney, Bonnie S. Greenberg, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Lofi Solomon entered a guilty plea to conspiracy to import 450 grams of heroin, 21 U.S.C.A. §§ 952(a), 960 (West 1981 & Supp. 1996). He received the mandatory minimum sentence of 60 months. In his plea agreement, Solomon agreed to waive his right to appeal whatever sentence was imposed, reserving only the right to appeal from an upward departure from the guideline range or a sentence in excess of the statutory maximum. Solomon now seeks to appeal his sentence, arguing that the district court erred in failing to sentence him below the mandatory minimum under USSG § 5C1.2.[1] We dismiss the appeal.

During the Fed. R. Crim. P. 11 hearing, the government briefly summarized the plea agreement, including the waiver provision. After the summary, in response to questions from the district court, both Solomon and his attorney agreed that the summary was accurate, and Solomon stated that he wished to enter into the agreement. He stated that no promises had been made to him apart from those in the plea agreement. A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). For a waiver to be knowing and voluntary, the district court should specifically question the defendant about the waiver provision before accepting his plea. However, in the absence of such questioning, the record may otherwise disclose that the defendant understood the significance of the waiver. Id. Whether the waiver is effective is a legal question reviewed de novo. Id.

In a pro se "Response to Government's Brief," Solomon asserts that he did not voluntarily waive his appeal right. He states that he objected to the waiver provision when his attorney discussed it with him just before the plea hearing and that, after consultation with the government, his attorney assured him that he could ignore the waiver

---

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994). The criteria set out in the guideline are identical to those in 18 U.S.C.A. § 3553(f) (West Supp. 1996).

because he would not lose his right to appeal his sentence. These representations are at odds with Solomon's statements during the plea hearing. After the waiver provision was read to him, Solomon, who has a college degree and ran his own business in Nigeria, said he wished to enter into the plea agreement. He said that he had been promised nothing further and that he had no questions to ask the court before the plea was accepted. On balance, we find that the waiver was knowingly and voluntarily made.

We therefore dismiss the appeal.[2] Solomon's motion for leave to submit a pro se supplemental brief and response to the government's brief is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

_____

[2] Had we found that the waiver was ineffective, we would affirm the sentence. Under United States v. Ivester, 75 F.3d 182, 185-86 (4th Cir. 1996), more than willingness to cooperate is required for compliance with USSG § 5C1.2(5).

3