**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5709

FREDERICK LA'ROMA JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-93-28-MU)

Submitted: July 23, 1996

Decided: August 8, 1996

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Calvin E. Murphy, MURPHY & CHAPMAN, P.A., Charlotte, North
Carolina, for Appellant. Mark T. Calloway, United States Attorney,
Robert J. Higdon, Jr., Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frederick Johnson appeals the district court's order sentencing him to the statutory minimum of ten years for his role in a drug distribution ring. Johnson contends that the district court erred in failing to sentence him below the mandatory minimum under the recently enacted "safety-valve" provision of the sentencing guidelines. Because Johnson did not affirmatively act to provide the government with all the information he had concerning his offenses, we affirm his sentence.

Johnson pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base. At the time of sentencing, all but one of Johnson's co-defendants had entered pleas of guilty. Johnson had not made a statement, nor had he made an effort to make a statement to law enforcement officials regarding the details of his involvement in the drug distribution ring. According to Johnson, however, it appeared from the government's discovery file that everything Johnson knew about the conspiracy had already been disclosed to investigating agents.

The mandatory minimum sentence for Johnson's offense was 120 months. Johnson's guideline range was 87-108 months. In his sentencing memorandum, Johnson maintained that he qualified for a sentence below the mandatory minimum under the safety valve guideline, USSG § 5C1.2,* although he had not provided information to the government about the offense. At sentencing, Johnson asserted that the government already knew all about the conspiracy when he began plea negotiations and did not ask him to provide information. Johnson argued that he should not be penalized for having no useful

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994). Johnson was sentenced in September 1995.

2

information to give. The district court temporarily considered suspending the hearing to provide Johnson with the opportunity to be debriefed by government agents. The government responded that Johnson had already been given the opportunity to provide information and failed to come forward. The district court determined that, because Johnson failed to affirmatively approach the government, he did not qualify for the safety valve provision.

A defendant convicted of an offense under 21 U.S.C.A. § 846 (West 1981 & Supp. 1996) may be sentenced within the guideline range without regard to any statutory minimum sentence if he meets the five criteria set out in 18 U.S.C.A. § 3553(f) (West Supp. 1996), and USSG § 5C1.2. Johnson did not comply with the fifth criteria, which required him to provide to the government, no later than sentencing, all information concerning the offense or offenses that were part of the same common scheme or plan or same course of conduct. This court has previously held that to comply with 18 U.S.C.A. § 3553(f)(5), identical to USSG § 5C1.2(5), a defendant has "the burden of affirmatively acting, no later than sentencing, to ensure that the Government is truthfully provided with all information and evidence [the defendant has] concerning the relevant crimes," even if his information is of no use to the government and even if the government does not seek to debrief him. United States v. Ivester, 75 F.3d 182, 185-86 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3837 (U.S. June 17, 1996) (No. 95-8998). Johnson acknowledges that he did not do this, but argues that his willingness to cooperate was enough. In accordance with Ivester, we hold that it was not.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3