UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4011

CLARENCE JUNIOR HERNDON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-99-21)

Submitted: August 29, 2000

Decided: September 15, 2000

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jon I. Davey, LAW OFFICE OF JON I. DAVEY, Danville, Virginia,
for Appellant. Donald Ray Wolthuis, OFFICE OF THE UNITED
STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clarence Junior Herndon appeals his convictions pursuant to his guilty plea and ten-year sentence for cocaine-related offenses. Herndon's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that Herndon's sentence is excessive. Counsel concluded, however, that there were no meritorious issues for appeal. Herndon was notified of his right to file a supplemental brief, but he has not done so. We affirm.

As required by statute, the district court sentenced Herndon to two consecutive five-year terms. Upon our review of the record, we find that the court had no power to impose a lower sentence, see 18 U.S.C.A. § 924(c) (West 2000); 21 U.S.C.A.§ 841(b)(1)(B) (West 1999), and that, in any event, we may not review its failure to depart downward, see United States v. Ivester, 75 F.3d 182, 183 (4th Cir. 1996). Furthermore, in accordance with the requirements of Anders, we have reviewed the record for potential error and have found none. Therefore, we affirm Herndon's convictions and sentence.

This court ordinarily requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Because the record demonstrates that Herndon is illiterate, we direct counsel to ensure that Herndon receives both oral and written notice of this right. If Herndon requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Herndon and that the motion was explained to him orally. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED