**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4875

WILLIE JAMES WAKEFIELD,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-95-338)

Submitted: October 31, 1997

Decided: November 26, 1997

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randall S. Hiller, Greenville, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Harold W. Gowdy, III, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie James Wakefield appeals the 60-month mandatory mini-mum sentence he received after he pled guilty to conspiracy to distribute crack cocaine, 21 U.S.C. § 846 (1994). He contends that the district court erred in finding that he did not qualify for application of the safety valve provision, USSG § 5C1.2, **1** even though he offered to provide information to the government. We affirm.

Wakefield was a street-level distributor of crack in a large crack conspiracy. He was arraigned and pled not guilty in March 1995. After he was released on bond, Wakefield failed to stay in contact with court personnel or appear in court. An arrest warrant was issued in April 1995. Over a year later, after all his co-defendants had entered guilty pleas, Wakefield was apprehended. He then pled guilty to participating in the conspiracy. In the presentence report, the probation officer noted that, although Wakefield had accepted responsibility for his conduct, he did not meet all the criteria for a sentence below the mandatory minimum of 60 months**2** under the safety valve provision because he had failed to cooperate with law enforcement officials. The cooperation requirement is that, by the time of sentencing, the defendant must have "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. . . ." USSG § 5C1.2(5); see also 18 U.S.C.A. § 3553(f) (West Supp. 1997).

At that point, Wakefield's attorney objected and notified the government that Wakefield was ready and willing to provide information concerning the crimes alleged in the indictment. The government did not interview Wakefield. At sentencing, the government attorney explained that the government had no need of information from Wakefield because the remaining fifteen defendants had long since

_____

**1** U.S. SENTENCING GUIDELINES MANUAL (1995). Wakefield was sentenced in November 1996.
**2** Wakefield's offense level was 23 and he was in criminal history category I. Had the mandatory minimum not applied, his guideline range would have been 46-57 months.

2

entered guilty pleas. Wakefield argued that by offering to provide information, he had done enough to qualify for application of the safety valve provision. The district court, however, adopted the government's position that Wakefield's disappearance after his arraignment was uncooperative in the extreme and negated his belated attempt at cooperation.

The safety valve provision may be applied even if the information supplied by the defendant is not relevant or useful to the government or is already in the government's possession. See USSG § 5C1.2(5). However, the defendant must make an affirmative effort to disclose what he knows to the government even if the government does not ask to interview him. See United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir. 1996). Willingness alone is not enough.

Wakefield argues that the district court erred in finding that the government could refuse to debrief him and thus prevent him from meeting the requirements of the safety valve provision. He relies on United States v. Beltran-Ortiz, 91 F.3d 665 (4th Cir. 1996), in which the government breached its promise in the plea agreement to debrief the defendant and the defendant made a written proffer of the information he wished to provide to the government before he was sentenced. This court found that the debriefing was a valuable benefit to a defendant seeking to qualify for application of the safety valve provision and that a promise to debrief must be honored. Id. at 668-69. However, Wakefield does not claim that his plea was induced by such a promise. Beltran-Ortiz is thus not applicable to his case. The holding in Beltran-Ortiz is "a narrow one," and specifically notes that "[w]e do not hold that the Government must debrief all defendants." Id. at 669 n.4. In this case, there is no evidence of a breach of the plea agreement. Consequently, Ivester controls, and the district court did not err in finding that Wakefield did not qualify for a sentence below the mandatory minimum under USSG § 5C1.2.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3