**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4475

ROBERT LEE BONNER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-94-109)

Submitted: March 9, 1999

Decided: April 6, 1999

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Edmunds, STERN & KLEPFER. L.L.P., Greensboro, North
Carolina; Walter L. Jones, CLIFFORD, CLENDENIN, O'HALE &
JONES, L.L.P., Greensboro, North Carolina, for Appellant. Walter C.
Holton, Jr., United States Attorney, Michael F. Joseph, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Lee Bonner pled guilty to possession of crack cocaine with intent to distribute, <u>see</u> 21 U.S.C. § 841(a) (1994), and received a sentence of 142 months imprisonment. He appeals his sentence, alleging that the district court committed plain error by not reducing his sentence under the safety valve provision. <u>See</u> 18 U.S.C.A. § 3553(f)(1)-(5) (West Supp. 1998); <u>U.S. Sentencing Guidelines Manual</u> § 5C1.2 (1997). Because this issue was not raised in the district court, we review only for plain error. <u>See United States v. Olano</u>, 507 U.S. 725, 732 (1993). We find no error, and affirm the sentence.

In March 1993, Bonner and three others were arrested after a confidential informant bought 55.9 grams of crack. Bonner gave a statement to the local police following his arrest in which he admitted supplying the crack cocaine and serving as a lookout during the transaction. He pled guilty in state court to cocaine trafficking and conspiracy to traffic in cocaine and promised to cooperate with law enforcement authorities. However, instead of cooperating, Bonner absconded. He was arrested in 1997 and subsequently charged with the instant federal offense. At his guilty plea hearing in 1998, Bonner admitted that his true name was "Trevor Lee Richmond." At sentencing, Bonner made no objections to the presentence report and the district court adopted the probation officer's recommendations concerning the sentence calculation. Bonner's sentencing guideline range was 121-151 months. He was subject to a mandatory minimum sentence of 120 months. The court imposed a sentence of 142 months.

A defendant who qualifies for sentencing under the safety valve provision for a drug offense receives two benefits: a two-level reduction in his offense level, <u>see</u> USSG § 2D1.1(b)(6), and relief from a statutory minimum sentence. To be entitled to sentencing under the safety valve provision, the defendant must satisfy five criteria. The

2

government does not challenge Bonner's assertion that he meets the first four requirements. However, the fifth requirement is that the defendant must provide "to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C.A. § 3553(f)(5); USSG§ 5C1.2(5). The record does not disclose that Bonner ever revealed anything to police or federal investigators about the conspiracy in which he was involved beyond the bare facts of the March 1993 sale. The government asserts that, although Bonner was arrested a second time by local police in connection with a drug sale on July 10, 1993, he provided no information about it to authorities. This transaction was the basis for Count Two of the federal indictment, which was dismissed pursuant to Bonner's plea agreement.

Bonner argues that, because he was charged with a substantive offense, not conspiracy, there is no presumption that anyone else was involved in the offense and that he had no responsibility to give information about the conspiracy unless such information was requested by the government. This argument is without any basis because the statute specifies that the defendant must provide all the information he has about the offense and all related conduct. Moreover, the commentary to USSG § 5C1.2 explains that "the offense," as used in § 5C1.2, means "the offense of conviction and all relevant conduct." USSG § 5C1.2, comment. (n.3). Moreover, the defendant must take affirmative steps to provide this information to the government even if the government does not seek it out. See United States v. Ivester, 75 F.3d 182, 185 (4th Cir. 1996). The record reveals that Bonner did not comply with § 3553(f)(5). Therefore, the district court did not plainly err in failing to sentence him under the safety valve provision.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3