UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 01-4052

DEREK SHANNON WALLS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-00-115-BO)

Submitted: July 26, 2001

Decided: August 16, 2001

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Stephen C. Gordon, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. John Stuart Bruce, United States Attor-
ney (Interim), Anne M. Hayes, Assistant United States Attorney,
Ethan A. Ontjes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

During 1998 and 1999, investigating agents made four undercover purchases totaling 225 grams of cocaine base (crack) from Derek Shannon Walls. In April 1999, Walls was arrested with 119 grams of crack in his possession. He pled guilty to possession of 119 grams of crack, 21 U.S.C.A. § 841(a) (West 1999), and received a sentence of 135 months imprisonment. Walls appeals his sentence, contending that the district court plainly erred in failing to sentence him under the safety valve provision, *U.S. Sentencing Guidelines Manual* § 5C1.2 (2000), and that his due process rights were violated in that his offense level was increased based on relevant conduct that was not charged in the indictment or admitted by him. Walls has also moved for leave to file a pro se supplemental brief. We grant leave to file the supplemental brief, and affirm.

Walls asserts that he was entitled to be sentenced under the safety valve provision because he admitted possessing illegal drugs. Because Walls failed to raise application of the safety valve provision in the district court, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 732-35 (1993). The safety valve provision permits a sentence below a statutory minimum sentence* if the defendant meets five criteria, one of which is that, by the time of sentencing, the defendant "has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C.A. § 3553(f)(5) (West 2000); USSG § 5C1.2. The district court inquired at sentencing whether Walls was cooperating, and the government stated that he was not.

---

*The mandatory minimum sentence in Walls' case was 120 months; he received a sentence of 135 months. However, had Walls met the criteria in § 5C1.2, his offense level could have been reduced by two levels under § 2D1.1(b)(6).

A defendant has the burden of showing that he has met the criteria in § 5C1.2. *United States v. Wilson*, 114 F.3d 429, 432 (4th Cir. 1997). With respect to the requirement that he provide truthful information to the government about the offense and all related criminal conduct, the defendant may not wait to be debriefed by the government, but must act affirmatively to ensure that he has provided to the government all the relevant information he has before he is sentenced. *United States v. Ivester*, 75 F.3d 182, 184-85 (4th Cir. 1996). Walls clearly did not meet this requirement. Consequently, the district court did not plainly err in failing to consider the application of § 5C1.2.

Walls also asks that we reconsider our holding in *United States v. Kinter*, 235 F.3d 192, 199-201 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001). In *Kinter*, we held that the government is not required under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to submit to a jury and prove beyond a reasonable doubt facts underlying sentence enhancements that increase the guideline range but do not increase the statutory maximum sentence. 235 F.3d at 201-02. We further found that the relevant "maximum" sentence is the statutory maximum, not the maximum sentence under the guidelines. *Id.* at 201. Walls urges us to reconsider the holding in *Kinter*. However, a panel may not overrule the decision of a prior panel in this circuit. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1381-82 (4th Cir. 1991).

In his pro se supplemental brief, Walls claims that he received ineffective assistance of counsel in connection with his guilty plea and sentencing. We have held that ineffective assistance claims are only appropriate on direct appeal when it "conclusively appears" from the record that defense counsel did not provide effective representation. *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994). Here, the record does not conclusively demonstrate that defense counsel was ineffective. Therefore, the claim is better raised in a motion to vacate pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001).

We therefore affirm the sentence. We grant Walls' motion to file the pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*