UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

LUIS MARTINEZ SALGADO, a/k/a Felix
Llorens Figueroa,
            *Defendant-Appellant.*

No. 03-4666

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-02-37)

Submitted: February 25, 2004

Decided: April 1, 2004

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Charles E. Waldman, WALDMAN & ASSOCIATES, Memphis, Tennessee, for Appellant. John L. Brownlee, United States Attorney, Nancy S. Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Luis Martinez Salgado pled guilty to conspiracy to distribute more than 50 grams of methamphetamine, 21 U.S.C. § 846 (2000) (Count 1), and distribution of more than 50 grams of methamphetamine, 21 U.S.C.A. § 841 (West 1999 & Supp. 2003). He was sentenced to the mandatory minimum term of sixty months imprisonment. Salgado contends on appeal that the district court erred in deciding that he was not eligible for sentencing under the safety valve provision in *U.S. Sentencing Guidelines Manual* § 5C1.2 (2002). We affirm.

To qualify for sentencing under the safety valve provision, a defendant must meet all five criteria set out in 18 U.S.C. § 3553(f)(1)-(5) (2000), and incorporated into USSG § 5C1.2(a)(1)-(5). A defendant who qualifies for sentencing under § 5C1.2 may receive a two-level reduction under § 2D1.1(b)(6), if applicable, and may be sentenced within the guideline range without regard to any statutory minimum sentence. The fifth requirement is that, before sentencing, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." USSG § 5C1.2(a)(5). A defendant must make an affirmative effort to disclose to the government everything he knows concerning the offense or offenses involved before he may be eligible for sentencing under the safety valve provision. *United States v. Ivester*, 75 F.3d 182, 184-85 (4th Cir. 1996).

Because Salgado refused to identify his source for methamphetamine when he was interviewed by law enforcement officers, the district court held that Salgado was not eligible for sentencing under the safety valve provision. The court held that Salgado's understandable fear of reprisal did not create an exception to the requirements of § 5C1.2. We agree.

Salgado also refused to testify, either at trial or before a grand jury, but the court did not base its decision on the refusal to testify. Consequently, his claim of error in this respect is misplaced.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*