**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4766**

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

EFRAINE PEREZ TELLO,

                              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:05-cr-01078-HFF-1)

Submitted: December 21, 2006        Decided:  December 29, 2006

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Falkner Wilkes, CRAVEN & WILKES, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Isaac L. Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Efraine Perez Tello pled guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine in violation of 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2006).  He was sentenced to the mandatory minimum term of five years imprisonment.  Although he did not raise the issue at sentencing, Tello contends on appeal that he qualified for a sentence below the mandatory minimum and that the district court plainly erred by not sua sponte giving him the benefit of the safety valve provisions in 18 U.S.C. § 3553(f) (2000) and U.S. Sentencing Guidelines Manual § 5C1.2 (2005).  We affirm.

A defendant who meets all five criteria set out in § 5C1.2 (incorporating § 3553(f)(1)-(5)) is eligible for a sentence below the mandatory minimum.  The government apparently concedes that Tello met the first four criteria, but not the fifth, which requires the defendant to reveal, no later than the sentencing hearing, "all he knows concerning both his own involvement and that of any co-conspirators."  United States v. Ivester, 75 F.3d 182, 184 (4th Cir. 1996).  The defendant has the burden of showing that he has affirmatively acted to supply truthful information to the government.  Id. at 185.  In support of his claim, Tello states that he cooperated with the government.  The only support in the record for this assertion is defense counsel's statement at the sentencing hearing that his client had "cooperated in the sense

- 2 -

that he has been to every court appearance and he has turned himself in any time they have asked [him] to turn himself in . . . ." We conclude that the district court did not plainly err in sentencing Tello without applying the safety valve provisions. See United States v. Olano, 507 U.S. 725, 732-37 (1993) (stating standard of review for plain error).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED