**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4954**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ENRIQUE NAJERA GASCA, a/k/a Enrique Najera, a/k/a El Morro,
a/k/a El Bolis,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Andre  M.  Davis,  District  Judge.
(1:06-cr-00542-AMD)

Submitted:  September 30, 2008      Decided:  November 4, 2008

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary A. Ticknor, Elkridge, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Kwame J. Manley, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enrique Najera Gasca pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court sentenced Gasca to the statutory mandatory minimum sentence of 120 months' imprisonment. Gasca appeals, contending that the district court's imposition of the statutory minimum sentence was improper because the court erroneously denied a sentencing reduction under the safety-valve provision. See 18 U.S.C. § 3553(f) (2000); U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2 (2006). We affirm.

The safety valve requires a district court to impose a sentence within the applicable guideline range without regard to any statutory minimum sentence if a defendant meets five requirements. 18 U.S.C. § 3553(f). The requirements are: (1) the defendant has no more than one criminal history point, (2) the defendant did not use violence or credible threats of violence or possess a firearm in connection with the offense, (3) the offense did not result in death or serious bodily injury, (4) the defendant was not an organizer or leader of others in the offense, and (5) the defendant provided truthful information to the government concerning the crime. Id. The burden is on the defendant to prove that all five safety-valve requirements have been met. United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). "[T]he

- 2 -

factual findings of the district court with respect to whether a defendant has satisfied the criteria of § 5C1.2 may not be reversed absent clear error." United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997).

The district court did not clearly err in denying Gasca the benefit of the safety valve. Gasca concedes that he failed to provide truthful information to the Government concerning the crime prior to the sentencing hearing. To satisfy the fifth requirement, the defendant must, "not later than the time of the sentencing hearing, . . . truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5). This provision "requires more than accepting responsibility for one's own acts; . . . [it] requires a defendant to disclose all he knows concerning both his involvement and that of any co-conspirators." United States v. Ivester, 75 F.3d 182, 184 (4th Cir. 1996). Gasca admits that he was provided an opportunity to furnish the Government with information and evidence concerning the conspiracy but failed to offer evidence establishing truthful disclosure. Although Gasca alleges that he entered his guilty plea expecting to be permitted to make an additional proffer, the Government was not required to debrief him. Beltran-Ortiz, 91 F.3d at 669 n.4; Ivester, 75 F.3d at 185-86. There was no promise of an additional

proffer session contained in Gasca's plea agreement. Although the district court could have continued the sentencing hearing to provide Gasca additional opportunity to provide the government all information and evidence concerning the relevant crimes, the district court's decision not to do so was not an abuse of discretion. Indeed, nothing precluded Gasca from affirmatively volunteering such information prior to his sentencing hearing. See Ivester, 75 F.3d at 184-85. Accordingly, the district court's determination that Gasca's statements were incomplete and untruthful was not clearly erroneous, and the denial of a safety-valve reduction below the statutory minimum on this basis was proper.[*]

Accordingly, we affirm Gasca's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Additionally, the government argues that Gasca is ineligible for the § 3553(f) safety valve because he was assigned three criminal history points. Gasca maintains that these points were inappropriately awarded because they stemmed from conduct relevant to the instant conspiracy and should not have been included in the criminal history calculation. USSG § 4A1.2 cmt. n.1. Because Gasca fails the fifth requirement of § 3553(f), and all five elements are necessary for Gasca to obtain the benefit of the safety valve, we need not consider this issue.