**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 07-4388**

─────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MONROE HERRING, a/k/a Money,

             Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00202)

─────────

Submitted: April 30, 2009          Decided: May 18, 2009

─────────

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Claire J. Rauscher, Executive Director, Matthew R. Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monroe Herring pled guilty, without a plea agreement, to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 851 (2000). The district court sentenced Herring to 240 months' imprisonment. On appeal, Herring contends that the district court's imposition of the statutory mandatory minimum sentence was improper because the court erroneously denied a sentencing reduction under the "safety valve" provision of the Sentencing Guidelines. See 18 U.S.C.A. § 3553(f) (West 2000 & Supp. 2007); U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2 (2005). Herring also asserts that he received ineffective assistance of counsel.

We reject Herring's assertion that the district court erred in failing to apply the safety valve provision. The safety valve requires a district court to impose a sentence within the applicable guideline range without regard to any statutory minimum sentence if a defendant meets five requirements. 18 U.S.C. § 3553(f). The requirements are: (1) the defendant has no more than one criminal history point, (2) the defendant did not use violence or credible threats of violence or possess a firearm in connection with the offense, (3) the offense did not result in death or serious bodily injury, (4) the defendant was not an organizer or leader of

others in the offense, and (5) the defendant provided truthful information to the government concerning the crime. Id. To satisfy the fifth requirement, the defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." Id. § 3553(f)(5). This provision requires more than accepting responsibility for one's own acts; it requires a defendant to disclose all he knows concerning both his involvement and that of any co-conspirators. United States v. Ivester, 75 F.3d 182, 184 (4th Cir. 1996). The burden is on the defendant to prove that all five safety valve requirements have been met. United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). The district court's determination of whether a defendant satisfied the safety valve requirements is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997).

After considering Herring's written disclosures and evidence offered at the sentencing hearing, the district court concluded that Herring's statements were incomplete and untruthful. We conclude this finding was not clearly erroneous. Moreover, contrary to Herring's argument, the Government was not required to debrief him. Beltran-Ortiz, 91 F.3d at 669 n.4; Ivester, 75 F.3d at 185-86. Thus, the denial of a safety valve

3

reduction below the statutory minimum based on Herring's failure to provide full, truthful information was not erroneous.

Next, Herring argues that his original attorney provided ineffective assistance by moving to withdraw Herring's guilty plea based on her misapprehension of the evidence against him. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Although former counsel's admissions are troubling,[*] our review of the present record does not conclusively establish that counsel was ineffective. We therefore decline to consider Herring's allegation of ineffective assistance of counsel at this juncture; the claim may be raised, however, in a § 2255 motion.

---

[*] Herring is represented by new counsel on appeal. The attorney who represented him in the district court has informed the court that she believes she provided ineffective assistance to Herring.

4

Accordingly, we affirm Herring's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED