**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4292**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

SERGIO CAMPOS-ALEJO,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(CR-04-788)

─────────────

Submitted:  November 23, 2005       Decided:  December 30, 2005

─────────────

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

D. Craig Brown, LAW OFFICE OF D. CRAIG BROWN, Florence, South
Carolina, for Appellant.  Alfred William Walker Bethea, Jr.,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sergio Campos-Alejo appeals from his 120-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute more than 50 grams of cocaine base and a quantity of cocaine. Campos-Alejo's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing whether the district court erred in refusing to apply the safety valve exception, U.S. Sentencing Guidelines Manual § 5C1.2 (2003), to the statutory minimum sentence applicable to Campos-Alejo. Campos-Alejo was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm Campos-Alejo's conviction and sentence.

We find that Campos-Alejo's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Campos-Alejo was properly advised of his rights, the offense charged, and the minimum and maximum sentences for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

- 2 -

The probation officer correctly computed Campos-Alejo's advisory guideline range as 87 to 108 months. USSG Ch. 5, Part A (Sentencing Table). The probation officer noted, however, that the statutory mandatory minimum sentence was 120 months. Campos-Alejo objected to the presentence report, asserting that he should be allowed the safety valve exception to the mandatory minimum sentence pursuant to USSG § 5C1.2.

The court overruled this objection, finding that Campos-Alejo failed to provide the Government with all truthful information and evidence that he had concerning the offense. The court rejected Campos-Alejo's assertion that he had no information to provide. In light of the quantity of drugs involved, the court found his claimed lack of knowledge about the source of his supply to be incredible. Accordingly, after considering the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), the court sentenced Campos-Alejo to the statutory minimum sentence of 120 months' imprisonment.

If a defendant meets the five criteria set out in § 5C1.2, he may be sentenced under the "applicable guidelines without regard to any statutory minimum sentence." USSG § 5C1.2. The fifth criteria is that, by the time of sentencing, the defendant has truthfully provided to the Government all information and evidence in his possession concerning the offense. A defendant must make an affirmative effort to disclose to the Government

everything he knows concerning the offense or offenses involved before he may be eligible for sentencing under the safety valve. United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir. 1996).

Here, the district court determined that Campos-Alejo had not provided all truthful information and evidence that he had concerning the offense.  We find no clear error in this finding. See United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). In light of this finding, Campos-Alejo fails to meet the fifth criteria for the application of the safety valve reduction.  USSG § 5C1.2.  Accordingly, we affirm Campos-Alejo's 120-month sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Campos-Alejo's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED