**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5062

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RUSSELL SHIFLETT,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J.  Frederick Motz, District Judge.
(1:06-cr-00252-JFM)

Submitted:  November 28, 2007      Decided:  December 20, 2007

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant.  Rod
J. Rosenstein, United States Attorney, Kwame Jangha Manley, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Russell Shiflett appeals from his conviction and sixty-month sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2000). On appeal, Shiflett's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues on appeal, but asking the court to review whether the district court erred in declining to apply the safety valve provisions pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2 and 18 U.S.C.A. § 3553(f) (West 2000 & Supp. 2007). Shiflett has also filed a pro se supplemental brief, in which he makes a series of claims regarding ineffective assistance of counsel and the adequacy of his Rule 11 hearing. Because our review of the record discloses no reversible error, we affirm.

Shiflett's first issue on appeal is whether the district court erred in failing to apply the safety valve provision and thereby exempt him from the statutory mandatory minimum sentence of sixty months' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B) (2000). To qualify for sentencing under the safety valve provision, a defendant must meet all five criteria set out in 18 U.S.C. § 3553(f), and incorporated into USSG § 5C1.2(a). The fifth requirement of the safety valve is that, before sentencing, "the defendant has truthfully provided to the Government all information

and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ."  USSG § 5C1.2(a)(5).  A defendant must make an affirmative effort to disclose to the Government everything he knows concerning the offense before he may be eligible for sentencing under the safety valve provision.  United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir. 1996).  The district court's determination of whether a defendant satisfied the safety valve requirements is a question of fact reviewed for clear error.  United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997).

The district court denied application of the safety valve on the ground that Shiflett had not been forthcoming about his dealings with the other individuals involved in the drug conspiracy.  Shiflett contends that his omissions were the result of imprecise questioning and his "lack of understanding."  However, as Shiflett concedes, the details of the debriefing sessions are not contained in the record and therefore cannot be reviewed on appeal.  Furthermore, while Shiflett asserts that his lack of disclosure was the result of confusion, he has failed to present any evidence to counter the Government's contention that he was evasive in his answers.  See Ivester, 75 F.3d at 184-85.  Therefore, we find the district court did not err in determining Shiflett failed to qualify for application of the safety valve.

In his pro se supplemental brief, Shiflett raises a number of claims relating to his counsel's performance. Allegations of ineffective assistance of counsel should be raised in a 28 U.S.C. § 2255 (2000) motion rather than on direct appeal unless the record conclusively demonstrates ineffective assistance. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (internal citations and quotations omitted). Such a claim cannot be fairly adjudicated on direct appeal when the appellant has not raised the issue before the district court and there is no statement from counsel on the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We find there is no evidence in the record to support Shiflett's allegations. Therefore, we find Shiflett's claims must be raised in a § 2255 motion rather than on direct appeal.

Shiflett also raises a number of claims regarding the adequacy of his Rule 11 hearing. Because Shiflett did not move in the district court to withdraw his guilty plea, we review any challenges to the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002).

Shiflett alleges that the plea agreement led him to believe that the safety valve would be applied in his case and that the trial court failed to disabuse him of this notion during the Rule 11 hearing. However, the plea agreement stated that "Defendant can argue for a two-level reduction of his sentence

pursuant to USSG § 5C1.2," and that the Government was free to oppose such a reduction. Furthermore, the district court informed Shiflett of the mandatory minimum sentence of five years while noting that he could argue for a two-level reduction under the safety valve provision, which would also permit him to be sentenced below the mandatory minimum. Accordingly, Shiflett's claim is meritless.

Shiflett next claims that his plea was not knowing and voluntary because he was not properly notified of his rights and was under the influence of medication following surgery. For medication to render a defendant incompetent, his mental faculties must have been so impaired that he was "incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights, and of realizing the consequences of his plea." United States v. Truglio, 493 F.2d 574, 578-79 (4th Cir. 1974) (internal quotation and citation omitted). When a district court is informed that a defendant is under the influence of medication, the court has a duty to make further inquiry into the defendant's competence to plead guilty. United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). When a defendant's answers raise a "red flag" regarding his mental state, the court must expand its inquiry to ensure that the plea is being made knowingly and voluntarily. Id. at 565.

Shiflett did not assert he was under the influence of medication at the time of the hearing; rather, he stated he had taken pain medication on the day before the hearing. In any event, the district court did inquire as to Shiflett's status, as he stated only that he was a "little sore" and felt he was able to continue with the hearing. In contrast to Damon, none of the answers provided by Shiflett or his counsel raised any "red flags" regarding adverse effects on his mental state that may have resulted from the prior use of medication. See Damon, 191 F.3d at 565. There is no indication from the Rule 11 colloquy that Shiflett did not understand his rights or the charges against him, and while Shiflett contends on appeal that he would not have pled guilty had he not taken the narcotics, he provides no support for this assertion. Accordingly, the district court did not err in its inquiry regarding Shiflett's competence.

Shiflett also contends the court should have explained his rights under Rule 11 prior to inquiring as to whether he wished to enter a guilty plea and the Rule 11 colloquy failed to inform him that he had a right to "present evidence." Shiflett apparently asserts the district court failed to comply with Rule 11(b)(1)(E), which requires that the defendant be informed of his "right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses." At the

hearing, the district court informed Shiflett of his right to testify and to present and cross-examine witnesses. While the district court did not specifically mention the right to "present evidence," Shiflett has not demonstrated that this minor omission affected his decision to plead guilty. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Accordingly, Shiflett has failed to demonstrate that the district court plainly erred during the Rule 11 colloquy.

Shiflett's next claim is that the trial court was not aware of its authority pursuant to United States v. Booker, 543 U.S. 220 (2005), to sentence him below the mandatory minimum even without application of the safety valve. However, the district court could not sentence Shiflett below the statutory mandatory minimum unless it first determined that he had met the requirements for the safety valve. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Accordingly, Shiflett's claim is meritless.

Finally, Shiflett claims the conspiracy charge is void because all of the other parties to the conspiracy were government agents. Shiflett asserts that Justin "Randy" Popielasz, who was identified in the information and the plea agreement as a member of the drug conspiracy, was a confidential government informant. However, this matter was addressed during the sentencing hearing. The Government explained that despite Shiflett's personal beliefs, Popielasz was not a government informant. While Shiflett persists

in his allegation that Popielasz was serving as a government agent, there is no evidence in the record to support this contention. Accordingly, Shiflett's claim is without merit.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Shiflett's conviction and sentence. Additionally, we deny Shiflett's motion for bail pending appeal as moot. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>