**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4749**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CORNELL ISAAC TAYLOR, a/k/a Yum,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00477-WO-1)

———————

Submitted: April 12, 2011          Decided: May 4, 2011

———————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant. Ripley E. Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornell Isaac Taylor pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced Taylor to the statutory mandatory minimum term of 120 months of imprisonment, and he now appeals. Finding no error, we affirm.

On appeal, Taylor argues that the district court erred in determining that he was ineligible for application of the safety valve provision under the Sentencing Guidelines. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted).

To qualify for the safety valve provision and a sentence below the statutorily required mandatory minimum, the defendant must establish that: (1) he does not have more than one criminal history point; (2) he did not use violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) he was not an organizer, leader, manager, or supervisor of others

2

in the offense; and (5) no later than the time of sentencing, he truthfully provided the government with all evidence and information he had concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. 18 U.S.C. § 3553(f) (2006); U.S. Sentencing Guidelines Manual § 5C1.2 (2010). The defendant bears the burden of proving that all five safety valve requirements have been met. United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996).

Moreover, the requirement that the defendant truthfully provide all information concerning the offense to the government "obligates defendants to demonstrate, through affirmative conduct, that they have supplied truthful information to the Government." United States v. Ivester, 75 F.3d 182, 185 (4th Cir. 1996) (concluding that defendant must come forward with truthful information regardless of whether government seeks to debrief defendant). The district court determined that Taylor had failed to provide truthful information to the Government regarding the offense. Having reviewed the record, we conclude that this finding was not clearly erroneous.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED