**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4428**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JUAN CARLOS LOPEZ PRECIADO, a/k/a Juan Carlos, a/k/a Luis
Acevedo Gutierrez,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.    Thomas David
Schroeder, District Judge. (1:10-cr-00332-TDS-11)

_____

Submitted: December 13, 2011          Decided: January 5, 2012

_____

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark A. Jones, BELL, DAVIS, & PITT, P.A., Winston-Salem, North
Carolina, for Appellant.  Ripley Rand, United States Attorney,
Sandra J. Hairston, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Lopez Preciado pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (West 1999 & West Supp. 2011) and was sentenced to the mandatory minimum sentence of 120 months' imprisonment. Preciado argues that the district court erred by not applying the safety valve provision of 18 U.S.C. § 3553(f) (2006).

"The safety valve permits shorter sentences for a first-time offender who would otherwise face a mandatory minimum [sentence]." United States v. Fletcher, 74 F.3d 49, 56 (4th Cir. 1996). A district court's determination of whether a defendant has satisfied the safety valve criteria is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). This deferential standard of review permits reversal only if this court is "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).

To qualify for the safety valve reduction, a defendant must establish the existence of five prerequisites. Relevant to this appeal, the fifth requirement of the safety valve provision

2

requires a defendant to truthfully provide the Government with all the information and evidence he has concerning the offense. § 3553(f)(5), U.S. Sentencing Guidelines Manual § 5C1.2(a)(5) (2010). Defendants must "demonstrate, through affirmative conduct, that they have supplied truthful information to the Government." United States v. Ivester, 75 F.3d 182, 185 (4th Cir. 1996). The burden is on the defendant to prove that this requirement has been met. United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996).

Preciado did not testify at the sentencing hearing nor did he offer any witnesses on his behalf. The Government presented evidence that Preciado did not disclose relevant facts related to the conspiracy. Our review of the record leads us to conclude that the district court's finding that Preciado did not qualify for the safety valve provision is not clearly erroneous. We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED