**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4014**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE MANUEL BAHENA,

Defendant - Appellant.

**No. 13-4016**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE DE JESUS VILLA BELTRAN,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00214-CCE-3; 1:12-cr-00214-CCE-2)

Submitted: September 24, 2013      Decided: September 26, 2013

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina; Walter C. Holton, Jr., HOLTON LAW FIRM, PLLC, Winston-Salem, North Carolina, for Appellants. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Manuel Bahena and Jose De Jesus Villa Beltran entered guilty pleas to conspiracy to distribute marijuana, 21 U.S.C. § 846 (2006), and each received a sentence of five years' imprisonment. Both appellants challenge the district court's determination that they did not qualify for a sentence below the statutory mandatory minimum under U.S. Sentencing Guidelines Manual § 5C1.2 (2012). Bahena also contends that the district court clearly erred in his case by applying a two-level enhancement for possession of a firearm under USSG § 2D1.1(b)(1). We affirm.

Bahena and Beltran were arrested in January 2012 when law enforcement officers received information about drug trafficking at a house in Reidsville, North Carolina, and conducted surveillance there. Beltran and co-conspirator Esteban Valentin Rojas-Rivera were stopped after leaving the house and running a red light in a vehicle that contained $290,447 in cash and caused a drug dog to alert. Bahena was at the house and consented to a search, during which 474 kilograms of marijuana were located in a bedroom in sealed four-pound plastic bags. Also found were $2000 in cash, drug-trafficking records, Bahena's and Beltran's wallets (each containing $500), Bahena's passport, and a firearm under a cushion on the couch in the living room. Rojas-Rivera stated that he had hired Bahena

3

and Beltran to help him distribute marijuana. Bahena told the officers he had handled the gun, but was not involved with marijuana distribution, and simply had been hired to stay in the house and keep watch. Beltran said he told Rojas-Rivera he needed money and had been brought to the house that day, saw marijuana in the house, and volunteered to go with Rojas-Rivera when he left to transport cash to an unknown destination.

Bahena maintains that the government failed to prove that he possessed the firearm. However, the enhancement under § 2D1.1(b)(1) applies if a firearm is present during a drug offense, unless the defendant can show that it was "'clearly improbable' that the weapon was connected with his drug activities." United States v. Manigan, 592 F.3d 621, 630 n.8 (4th Cir. 2010) (quoting USSG § 2D1.1 cmt. n.11). The district court did not clearly err when it determined that Bahena failed to make this showing.

After making statements to the officers at the time of arrest, neither Bahena nor Beltran provided any further information to the government. Beltran's attorney confirmed at sentencing that he had chosen not to be interviewed further by the government. To be eligible for relief under the safety valve provision of § 5C1.2, a defendant must meet the five criteria set out in 18 U.S.C. § 3553(f) (2006), the last of which is that he have, by the time of sentencing, truthfully

4

provided to the government all information and evidence he has about the offense and other offenses that were part of the same course of conduct or common scheme or plan.  The defendant bears the burden of proving that he has met the prerequisites for relief under the safety valve provision, including truthful disclosure.  United States v. Aidoo, 670 F.3d 600, 605 (4th Cir.), cert. denied, 133 S. Ct. 627 (2012); see also United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir. 1996) (defendant must demonstrate that he has fully disclosed even if government does not seek information from him).  Neither defendant showed that they had met this prerequisite.  In addition, the district court did not err in deciding that Bahena was excluded on the ground that he possessed a firearm in connection with the offense.  USSG § 5C1.2(a)(2).

We therefore affirm the sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED